United States District Court
Southern District of Texas
**ENTERED**
December 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE M ENGLISH, *et al.*, | § § | |
| Appellants, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:21-CV-01804 |
| LOWELL T CAGE, TRUSTEE, | § § § | |
| Appellee. | § § | |

## MEMORANDUM OPINION

### I.

This is an appeal from the United States Bankruptcy Court for the Southern District of Texas, bankruptcy case number 15-31305. The appeal is taken pursuant to Title 28 U.S.C. § 158(a)(1) from a final order entered in the bankruptcy court granting summary judgment for appellee Lowell T. Cage, the Chapter 7 Trustee for debtor Porter Development Partners, LLC ("Porter") and related entities. The Trustee moved for summary judgment on the claims filed by the appellants, Wayne M. English and James D. Colling, against the Porter estate. After considering the Trustee's motion for summary judgment and the appellants' responses, the bankruptcy court entered its order granting the Trustee's motion, disallowing the appellants' claims against Porter. This Court AFFIRMS the bankruptcy court's order granting summary judgment.

## II.

Between March and April 2015, Porter and 18 other investment partnerships and holding companies filed Chapter 7 voluntary bankruptcy petitions in the Southern District of Texas. The Trustee was appointed to jointly administer those debtors' estates. The four debtors relevant to this appeal are Porter, WB Murphy Road Development LLC ("Murphy Road"), WB Real Estate Holdings LLC ("WBREH"), and Wallace Bajjali Investment Fund II LP ("Fund II") (together, the "WB Debtors").

In 2007, the appellants had each invested $100,000 in Fund II. In May 2009, Fund II and two other entities consolidated their holdings into one holding company, WBREH. The entities effected the consolidation through a Contribution Agreement dated May 26, 2009. Following the consolidation, Fund II owned 74% of WBREH. WBREH, in turn, owned 90% of Murphy Road and 50% of Porter.

On October 20, 2019, both appellants filed proofs of claim in the cases of WBREH, Murphy, and Porter (the "2019 Claims"). They described the basis of the 2019 Claims as "money invested, equity interest, fraud, [and] fraud in solicitation." On April 15, 2020, the Trustee objected to the appellants' claims against the Porter estate,[1] in part on the grounds that the claims were based on the appellants'

---

[1] The 2019 Claims against the Porter estate were Claim Nos. 66 (by appellant English) and 67 (by appellant Colling). The appellants' numbering of these claims is inconsistent, and the Court will use the designations from the record on appeal.

investment in Fund II, and not any loan to or investment in Porter. The appellants did not respond to the Trustee's objections, and, on May 26, 2020, the bankruptcy court entered orders disallowing their claims against Porter.[2] The bankruptcy court subsequently denied the appellants' motions to reconsider the disallowance, and the appellants did not appeal the disallowance orders.

The day after the bankruptcy court disallowed the 2019 Claims, it set July 17, 2020, as the deadline for "late claims" to be filed in the WB Debtors' cases. On the expiration date, the appellants each filed proofs of claim in the Porter, Murphy Road, and WBREH cases (the "2020 Claims").[3] The 2020 Claims cited, as their basis, "money invested, limited partnership of [Fund II] which owns [WBERH] and [Porter], fraud."

On September 23, 2020, the Trustee filed objections to the 2020 Claims, and the appellants timely filed their responses.[4] The crux of the appellants' argument was that their ownership in Fund II "bestows upon [the appellants] a corresponding ownership in WBREH, the Murphy [Road] partnership, and the Porter partnership."

---

[2] The bankruptcy court also disallowed appellant English's claim against the Murphy Road estate, No. 54, which rested on the same basis as his claim against the Porter estate.

[3] English filed Claim No. 71 against WBREH, No. 57 against Murphy Road, No. 69 against Porter, as well as two additional claims, one against Murphy Road and the other against Porter. The Court presumes that the two additional claims are those referred to by the trustee as Nos. 53 and 56. Colling also filed claims against the Porter, Murphy Road, and WBREH estates—Nos. 82, 57, and 56, respectively.

[4] Although the appellants' responses were filed only in the Porter case, they addressed the Trustee's objections to all the 2020 Claims.

Accordingly, the appellants contended they were entitled to a distribution from each of the WB Debtors' estates. The appellants also disputed the validity of the Trustee's affirmative defenses.

On October 29, 2020, the bankruptcy court entered orders disallowing the appellants' 2020 Claims against WBREH, Murphy Road, and Porter. Twenty-one days later, the bankruptcy court entered a scheduling order for adjudicating "the sole legal issue of whether [the appellants] have any interest beyond Fund II." On April 13, 2021, the bankruptcy court granted the Trustee's summary judgment motion on that issue, which resulted in disallowance of Claim Nos. 69 and 82 against the Porter estate. The bankruptcy court denied the appellants' motions to reconsider, and this appeal followed.

In denying the appellants' post-judgment motions, the bankruptcy court held that the extent of Fund II's ownership in WBREH was not "newly discovered evidence." The court below also held "there is no evidence that [the appellants] have a claim beyond Fund II" and that the Contribution Agreement, which the appellants attached for the first time to their post-judgment motions, should have been presented at the summary judgment stage.

### III.

The sole issue on appeal is whether, in granting summary judgment for the Trustee, the bankruptcy court wrongly held that the appellants lack claims against

WBREH, Murphy Road, and Porter.[5] On that point, the appellants assert that the structure created by the Contribution Agreement made them owners of all three of those entities. Therefore, they contend, they are entitled to file proofs of claim against and receive a distribution from each of those entities' estates. They further note that the bankruptcy court authorized the Trustee to settle the claims of other Fund II investors, and that the settlement involved payment of funds from the other WB Debtors' estates. Thus, the appellants argue, they are entitled to recover funds from those same entities.

In response, the Trustee argues that: (1) the appellants can only be paid from assets held by Fund II's estate, since they invested only in Fund II and not in the other WB Debtors; (2) the bankruptcy court acted lawfully in authorizing the settlement with other Fund II investors; and (3) the appellants are bound by the bankruptcy court's orders disallowing the 2019 Claims, and *res judicata* bars their 2020 Claims, since both sets of claims are based on the appellants' investments in Fund II.

---

[5] The Court does not consider the appellants' numerous arguments that either were not raised at the summary judgment stage or that the appellants waived by failing to timely appeal the bankruptcy court's orders disallowing the 2019 Claims and the 2020 Claims. Fed. R. Bankr. P. 8002(a); *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 626 (5th Cir. 2017). The waivers extend to the appellants' potential fraud claims against the WB Debtors.

## IV.

In reviewing a bankruptcy court's decision, a district court applies the standards of review typically applied in federal courts of appeal. *See In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992). To this end, a district court will not set aside a bankruptcy court's findings of fact, unless they are clearly erroneous. *In re IFS Fin. Corp.*, 803 F.3d 195, 203 (5th Cir. 2015). "A finding of fact is clearly erroneous only if 'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'" *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003) (quoting *Hibernia Nat'l Bank v. Perez (In re Perez)*, 954 F.2d 1026, 1027 (5th Cir. 1992)). A bankruptcy court's conclusions of law, however, are reviewed *de novo*. *In re Dennis*, 330 F.3d at 701. Mixed questions of law and fact within a bankruptcy case are also reviewed *de novo*. *In re San Patricio Cty. Cmty. Action Agency*, 575 F.3d 553, 557 (5th Cir. 2009). A reviewing district court may affirm on any ground supported by the record, including one not reached by the bankruptcy court. *See Hammervold v. Blank*, 3 F.4th 803, 813 (5th Cir. 2021).

Additionally, a district court reviews a grant of summary judgment *de novo*, applying the same standards as the bankruptcy court. Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)).

## V.

The Court first considers whether it should affirm the bankruptcy court's grant of summary judgment because the res judicata doctrine barred the appellants' 2020 Claims. "Claim preclusion or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055, (2006) (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)). The elements of res judicata require proof that:

> (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits.

*Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010) (citing *Test Masters*, 428 F.3d at 571; *see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000)).[6] If all four of these elements are present, "claim preclusion prohibits [a litigant] from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (citing *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (emphasis in original)). When the prior and later actions are both brought before the same court, a party is not required in the later action to raise the res judicata defense prior to filing his summary judgment motion. *See Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001).

Starting with the first prong, the appellants are the same individuals who filed the 2019 Claims against the WBREH, Murphy Road, and Porter estates, which the Trustee then also represented. Moving to the second prong, there is no dispute that the bankruptcy court had jurisdiction to enter orders disallowing the 2019 Claims. 28 U.S.C. § 157(b)(2). As to the third prong, the bankruptcy court's May 26, 2020, order disallowing the 2019 Claims was a final judgment on the merits because the appellants did not appeal the order. *See In re Paige*, 610 F.3d 865, 871–72 (5th Cir. 2010). *See also In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993) ("[W]e read our

---

[6] The Court determines the res judicata effect of a federal judgment under federal common law. *In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 n. 12 (5th Cir. 2007).

prior holdings to establish that an order allowing a proof of claim is, likewise, a final judgment.").

The fourth prong requires the Court to determine whether the 2020 Claims arose out of "the same nucleus of operative facts" as the 2019 Claims. *Id.* This inquiry "revolves around the factual predicate of the claims asserted," not "the type of relief requested, substantive theories advanced, or types of rights asserted." *Id.* The fourth prong is satisfied because the 2019 Claims and the 2020 Claims share the same factual basis—*i.e.*, the appellants' investment in Fund II and its relationship with the other WB Debtors. Because both sets of claims are based on the same nucleus of operative facts, the two proceedings arise from the same cause of action.

Finally, the Court must determine whether the claims adjudicated by the bankruptcy court on summary judgment "could or should have been brought in the earlier litigation." *Id.* The Court answers this question in the affirmative. The appellants had the opportunity to fully litigate their 2019 Claims, but they chose not to do so. As the Trustee points out, during the adjudication of the 2019 Claims, the appellants did not respond to the Trustee's objection that those claims were based on the appellants' investment in Fund II, and not on any loan to or investment in Porter. The appellants subsequently attempted to relitigate the validity of that objection, as to the factually indistinguishable 2020 Claims. Because they could and

should have done so in the prior proceeding, the final requirement of the res judicata doctrine is satisfied.

The Court is of the opinion that because the appellants could have, but failed to, fully litigate the 2019 Claims against WBREH, Murphy Road, and Porter, res judicata precluded them from relitigating the same issues under the guise of the 2020 Claims. Therefore, this Court AFFIRMS that bankruptcy court's grant of summary judgment in favor of the Trustee, disallowing Claim Nos. 69 and 82.

It is so **ORDERED**.

SIGNED on December 1, 2021, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge